**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE
CALVIN GODWIN,

Debtor.

______________________

SCOTT THROWER, on behalf of CAROLINA ELECTRICAL WORKERS RETIREMENT FUND, NATIONAL ELECTRICAL BENEFIT FUND, and FAMILY MEDICAL CARE PLAN,

Plaintiffs/Appellants,

v.

Case No: 8:26-cv-221-WFJ
Bankr. Case No.: 8:20-bk-418-CPM
Adv. No. 8:20-ap-418-CPM

CALVIN GODWIN,

Debtor/Defendant/Appellee.

__________________________________/

**ORDER/OPINION**

In this matter the Plaintiffs/Appellants seek review of the Bankruptcy Court's ruling (Dkts. 2-4; 2-5) after trial in the adversary proceeding Adv. No. 8:20-ap-418-CPM. The Bankruptcy Court found that, although it was a close case, the Appellants did not carry their burden to establish non-dischargeability under 11 U.S.C. § 523(a)(4) due to a breach of fiduciary duty by Calvin Godwin.

The bankruptcy court's legal conclusions are reviewed *de novo.* The bankruptcy court's factual findings are reviewed under a clear error standard. *In Re Feshbach,* 974 F.3d 1320, 1327 (11th Cir. 2020).

The undersigned undertook an entire review of the record, and received briefing and argument from the parties. The objections to the Bankruptcy Court's ruling are overruled and the judgment is affirmed.

First, as to the legal analysis provided by the Bankruptcy Court, it appears the proper legal standard was applied. The prime basis for the ruling is the Supreme Court's holding in *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013). In that case the Supreme Court held that the mens rea required to deny a discharge in this situation is either actual knowledge of wrongdoing, or "reckless conduct of the kind that the criminal law treats as the equivalent." *Id.* at 273–274.[1] The Bankruptcy Court made no error of law that is perceptible on this record.

As to the Bankruptcy Court's factual findings, this was a multi-day trial with Appellee and a number of witnesses called. The Bankruptcy Court made credibility findings based upon its view of the testimony before it. Some of these

---

1. The undersigned thinks this *Bullock* standard is way too lax and excuses fiduciaries like Appellee, who ought to be held to a stricter legal duty. Cardozo's view is the better one: "A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior . . . a tradition that is unbending and inveterate." *Meinhard v. Salmon,* 164 N.E. 545, 546 (N.Y. Ct. App. 1928).

historical facts were disputed, and were perhaps difficult to sort out since they deal with occurrences during the throes of the "covid panic." The Bankruptcy Court's findings were reasoned and based in this record, after its full review of all the evidence at trial.

Based on the cold record before the undersigned, there might be two permissible views of the evidence, the one adopted below, and a less charitable one towards Appellee. The undersigned tends to have a less charitable view of what Appellee did and what happened to the Appellants' insurance money. However, the fact finder's conclusions as to what was in Appellee's mind at the time are not unreasonable, based upon the evidence before it. On all the evidence, that Court found the *Bullock* standard not proven by Appellant.

Even though the undersigned might have found differently, that is not the test. *In re Feshbach*, 974 F.3d at 1327. As the Eleventh Circuit teaches, "[t]he clearly erroneous standard 'does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.'" *In re Wagner,* 115 F.4th 1296, 1303 (11th Cir. 2024), quoting *Anderson v. City of Bessemer,* 470 U.S. 564, 573 (1985). Credibility determinations at a bench trial are due substantial deference. *Anderson*, 470 U.S. at 575–76; *In re Feshbach,* 974 F.3d at 1328. The Bankruptcy Court's findings are

based in this record, and are reasoned, free of clear error. Accordingly, the facts found are affirmed, and objections thereto overruled.

The Bankruptcy Court's judgment is affirmed. The Clerk will terminate this matter.

**DONE AND ORDERED** on September 15, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE